Orusevic v. Fletcher Allen, No. S0037-02 Cncv (Katz, J., Aug. 23, 2004)


[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]


STATE OF VERMONT
Chittenden County, ss.:

ORUSEVIC

v.

FLETCHER ALLEN


ENTRY
(Motion in Limine)


Evidence Rule 103(a)(1) requires a timely objection "stating the specific grounds of objection."  Here, defense counsel timely stated "objection," but gave no more explanation.

In the context of depositions, it is common for attorneys to simply "object."  Mostly this is to the form of the question, "an invocation of discretion."  21 C. Wright & K. Graham, Federal Practice and Procedure § 5036, at 176 (1977).   Although this was explicitly not a discovery

deposition, but one for the preservation of testimony, How was plaintiff counsel to know the objection was more than a merely discretionary invocation to the form of the question?  He could have asked.  Knowing counsel, we assume he would have been told.  But, the law should not be based on a small-town judge's presuming to know well his steady customers.

The situation here objected to was counsel's failure to phrase questions in terms of "the standard of care."  Indeed, it could probably have been cured by a single prefatory comment: "Dr. Deponent, whatever question I may ask, assume it is in reference to the standard of care."  Defense counsel could also easily have stated, "Objection; question posed in terms of what deponent would have done, not in terms of the standard of care."

In the context of a preservation deposition, we conclude that Evidence Rule 103(a)(1) must apply.  See In re Diet Drugs, 2000 WL 876900, at *7 (E.D.Pa.) (noting that preservation depositions are subject to the Rules of Evidence as well as issues of state substantive law); Basham v. Clark, 115 Wash.App. 1024 (Wash.App. 2003) (upholding exclusion of testimony from a preservation deposition based on timely, specific, and constructive objections).  Defense counsel had the obligation to state the specific grounds of the objection.  State v. Bissonette, 145 Vt. 381, 392 (1985) ("There are three primary purposes for objections: to let the opponent correct the error, to inform the court so it can rule intelligently and quickly, and to reduce the necessity for reversal and new trial.").  Counsel did not.  It was not obvious from the context.  See 21 Wright & Graham, § 5036, at 174, 179 (discussing the so-called "Schwartz proviso" to the rule for when the grounds are apparent).  This was also not a particularly leading examination.  The testimony elicited was not

inadmissible hearsay.  Stating the grounds at the deposition would have been simple, constructive, and not a repetition of the obvious.

Dated at Burlington, Vermont_____, 2004.

_____
Judge